# Court of Appeals
# of the State of Georgia

ATLANTA,  August 11, 2026

*The Court of Appeals hereby passes the following order:*

**A26D0654. TEXACO TEMPLE v. THE STATE.**

On March 14, 2025, after a combined probation revocation hearing on two cases against Texaco Temple, the trial court revoked Temple's probation in both cases. On June 1, 2026, the trial court entered an order noting Temple's attempts to file applications for discretionary appeal in the trial court in March and May 2025, and finding that it had no duty to rule on Temple's applications as they should have been filed in this Court. On July 3, 2026, Temple filed the instant application.[1] We, however, lack jurisdiction.

To be timely, a discretionary application must be filed within 30 days of entry of the order or judgment to be appealed. OCGA § 5-6-35(d); Court of Appeals Rule 31(a). "The requirements of OCGA § 5-6-35 are jurisdictional and this court cannot accept an appeal not made in compliance therewith." *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989); see *Todd v. State*, 236 Ga. App. 757, 758 (513 SE2d 287) (1999) ("appeals from orders revoking probation . . . require that an application be filed with the clerk of the appropriate court within 30 days of the date of the revocation order"). Temple did not file a timely application for discretionary appeal

---

[1] Pursuant to Court of Appeals Rule 4(c)(1), filings by pro se prisoners, such as Temple, are deemed filed on the date reflected on the certificate of service but the docketing date for purposes of this Court's processing of the application is governed by the date the application is physically received in the Clerk's office, pursuant to Court of Appeals Rule 4(c)(2). Here, Temple's certificate of service was dated July 3, 2026.

from the trial court's order revoking his probation in March 2025. Although the trial court's order reflects that Temple initially attempted to file his application for discretionary appeal in the trial court within 30 days of the revocation of his probation, that filing was of no effect as applications must be filed in the instant court. See OCGA § 5-6-35(b). See *Crosson v. Conway*, 291 Ga. 220, 221 (1) (728 SE2d 617) (2012) ("Courts have no authority to create equitable exceptions to jurisdictional requirements imposed by statute. Instead, Georgia courts may excuse compliance with a statutory requirement for appeal only where necessary to avoid or remedy a constitutional violation concerning the appeal.") (citation and punctuation omitted). Even if we construed the June 1 order as one revoking Temple's probation, which it did not, Temple's application is nonetheless untimely as it was filed 32 days after entry of the trial court's June 1 order. For these reasons, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,    08/11/2026*

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*